UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH W. JONES,

    Plaintiff,

        v.

UNITED STATES OF AMERICA, et al.,

    Defendants.

Civil Action No. 11-203 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff Kenneth Jones has filed a Complaint that is largely incomprehensible. As best the Court can discern, his principal claim appears to relate to a denial of Social Security benefits. As he has failed to exhaust his administrative remedies relating to such benefits, the Court will grant certain Defendants' Motion to Dismiss. Since other Defendants have filed an Answer, as opposed to seeking dismissal, the case will proceed against them.

### I. Background

Plaintiff is no stranger to the courts. As the Northern District of Ohio noted years ago: "Plaintiff has established a pattern of filing complaints in this court and others [that] are patently frivolous and vexatious and [that] appear calculated to harass the court and abuse the judicial process." Jones v. United States, No. 03-1597 at 8 (N.D. Ohio, Oct. 15, 2003), quoted in Jones v. United States, 2009 WL 859840, at *2 (Fed. Cl. March 27, 2009). His behavior continues here.

Filed in January 2011, Plaintiff's Complaint names as Defendants an unusual collection: the United States, the United States Court of Federal Claims, the United States District Court for the Northern District of Ohio, the Social Security Administration (collectively, "Federal

1

Defendants"), as well as Bryant & Stratton College and its employee Clifford Wallace (jointly, "B&S Defendants"). He cites myriad federal statutes in a jumbled series of allegations, pleadings, and exhibits, which seem to concern Social Security survivor benefits and his disenrollment from Bryant & Stratton. See ECF No. 1 (containing assorted pleadings).

The relevant proceedings for purposes of this Motion began on Dec. 4, 2008, when Plaintiff filed a claim with the Social Security Administration for widower's insurance benefits. See Mot., Exh. A (Declaration of Patrick J. Herbst) at 2; id., Exh. 1 (Application Summary for Widow's or Widower's Insurance Benefits). On Jan. 31, 2009, the claim was denied. See Complaint, Exh. 7 (Notice of Disapproved Claim dated Jan. 31, 2009). The claim was again denied at the reconsideration level on Apr. 4, 2009. Herbst Decl. at 2; id., Exh. 2 (Notice of Disapproved Claim dated Apr. 4, 2009). Plaintiff then filed a request for a hearing on June 8. Herbst Decl. at 2; id., Exh. 3 (Request for Hearing). For some reason, that hearing was not scheduled to be held until April 11, 2011. Herbst Decl. at 3. Plaintiff, however, chose to file the present suit on Jan. 24, 2011.

While the B&S Defendants have answered, the Federal Defendants have now moved to dismiss for lack of subject matter jurisdiction and venue.[1]

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(1), Plaintiff bears the burden of proving that the Court has subject matter jurisdiction to hear his claims. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000). A court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." Grand Lodge of Fraternal Order of Police v. Ashcroft, 185

---

[1] In considering this Motion, the Court has reviewed Plaintiff's Complaint, the Federal Defendants' Motion to Dismiss, Plaintiff's Opposition thereto, Defendants' Reply, and Plaintiff's Surreply.

F. Supp. 2d 9, 13 (D.D.C. 2001). For this reason, "'the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." Id. at 13-14 (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (2d ed. 1987) (alteration in original)). Additionally, unlike with a motion to dismiss under Rule 12(b)(6), the Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005); see also Venetian Casino Resort, L.L.C. v. E.E.O.C., 409 F.3d 359, 366 (D.C. Cir. 2005) ("given the present posture of this case – a dismissal under Rule 12(b)(1) on ripeness grounds – the court may consider materials outside the pleadings"); Herbert v. Nat'l Academy of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992).

### III. Analysis

Defendants seek the dismissal of Plaintiff's Complaint on the dual grounds that he failed to exhaust his administrative remedies and cannot establish venue in this Court. As the Court agrees with the first basis for dismissal, that is the only one that requires analysis.

Any individual who, like Plaintiff, is dissatisfied with "any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . ." 42 U.S.C. § 405(g) (emphasis added). Congress has made clear that this is the only manner in which a decision by the Commissioner of Social Security may be challenged. § 405(h). What constitutes a "final decision" is defined through agency regulations rather than statutory text. See § 405(a); Weinberger v. Salfi, 422 U.S. 749, 766 (1975).

The SSA's regulations set out how a final decision may be obtained from the Commissioner. 20 C.F.R. § 404.900. First, an initial determination is made as to the person's eligibility or continued eligibility for benefits. § 404.902. A notice of this initial determination is issued, in which the claimant is informed that he must request reconsideration within 60 days of receipt of the notice. §§ 404.904, 404.909. Such reconsideration may take the form of a case review or a disability hearing, depending on what is at issue in the particular case. § 404.913. If dissatisfied with the result of the reconsideration, the claimant may once again appeal within 60 days of the receipt of the decision, this time by requesting a hearing before an administrative law judge. §§ 404.929, 404.933. Within 60 days of an unfavorable decision by an ALJ, the claimant may apply for review by the Appeals Council. §§ 404.967, 404.968. Review by the Council is discretionary, but the claimant must nonetheless petition for review in order to receive a final decision. See Sims v. Apfel, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases."). If the Council elects to review the claim, its decision will be final. § 404.981. If the Council declines review, the ALJ's ruling will stand as the final decision, and the case will be ripe for judicial review. §§ 404.981, 404.955(b).

Plaintiffs are generally required to exhaust their administrative remedies before filing a suit in federal court. See Hidalgo v. FBI, 344 F.3d 1256, 1258 (D.C. Cir. 2003); Oglesby v. United States Dep't of the Army, 920 F.2d 57, 61 (D.C. Cir. 1990). When it comes to judicial review of SSA decisions, exhaustion is a jurisdictional requirement because Congress has made it clear that only final decisions made by the Commissioner can be reviewed in federal court. 42 U.S.C. § 405(g). The Court thus cannot allow Plaintiff to go forward on his claim if it finds that he has not exhausted his administrative remedies. See I.A.M. Nat'l Pension Fund Ben. Plan C.

v. Stockton TRI Indus., 727 F.2d 1204, 1208 (D.C. Cir. 1984) ("Only when Congress states in clear, unequivocal terms that the judiciary is barred from hearing an action until the administrative agency has come to a decision . . . has the Supreme Court held that exhaustion is a jurisdictional prerequisite.").

In this case, it is undisputed that Plaintiff has only completed the first two steps of the four-step SSA administrative-review process. The Agency conducted a reconsideration hearing in response to his initial appeal, but Plaintiff filed suit before moving to step three – *i.e.*, a hearing before an ALJ. As a result, Plaintiff clearly failed to obtain a final agency decision. It is unclear why the delay occurred between Plaintiff's request for a hearing and its scheduling, but that does not alter Plaintiff's exhaustion requirements. As he has failed to satisfy those requirements, he cannot yet request review by the Court. See Sims, 530 U.S. at 107 ("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases. In administrative-law parlance, such a claimant may not obtain judicial review because he has failed to exhaust administrative remedies.") (internal citations omitted).

Even if Plaintiff had exhausted his administrative remedies, this case could not remain in this Court because Defendants' venue argument under Fed. R. Civ. P. 12(b)(3) would prevail. Under § 405(g), Plaintiff may challenge a final decision by the Commissioner of the SSA only by filing suit in the "judicial district in which [Plaintiff] resides . . . or has his principal place of business." Since it is clear from all of his pleadings that this is Cleveland, Ohio, the case would have to be transferred there. Finally, to the extent he asks this Court to review adverse decisions regarding him by other federal courts, such as the Northern District of Ohio, the United States

Court of Appeals for the Sixth Circuit, or the Court of Federal Claims, this Court is obviously without jurisdiction to do so. See, e.g., 28 U.S.C. §§ 1254, 1291, 1295.

## IV. Conclusion

Because the Court finds that Plaintiff has failed to exhaust his administrative remedies, the case will be dismissed. An Order consistent with this Opinion will be issued this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: September 28, 2011